UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
(MEMPHIS)

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 24-21515 |
| DWAN AKOI RILEY, ) | |
| ) | CHAPTER 13 |
| DEBTOR ) | |
| ) | JUDGE JENNIE D. LATTA |
| ) | |

**VEROS CREDIT LLC'S OBJECTION TO CONVERSION OF
CHAPTER 13 CASE TO CHAPTER 11 AND REQUEST FOR
CONVERSION TO CHAPTER 7 OR DISMISSAL**

Veros Credit, LLC ("Veros"), by and through its undersigned counsel hereby objects (the "Objection") to Debtor's *Motion to Convert Chapter 13 Case to Chapter 11 and Requests for Conversion to Chapter 7 or Dismissal* (the "Motion to Convert"), and hereby states as follows:

**BACKGROUND**

1. On April 1, 2024, the Debtor filed the above-captioned chapter 13 petition (the "Petition") in the United States Bankruptcy Court for the Western District of Tennessee (the "Court"), and the *Chapter 13 Plan and Request for Valuation of Security*. [D.I. 1 & 2]

2. On April 3, 2024, the Debtor filed an *Amended Schedules* (the "First Amended Schedules"). [D.I. 9]

3. On June 4, 2024, Veros filed a *Motion for Relief from Stay* with respect to Veros's 2019 Lamborghini Urus (the "Motion for Relief"). [D.I. 43]

4. On June 10, 2024, the Debtor filed a second *Amended Schedules* (the "Second Amended Schedules"). [D.I. 47]

5. On June 20, 2024, the Debtor filed an *Amended Chapter 13 Plan and Request for Valuation of Security*. [D.I. 49]

1

6. On June 21, 2024, the Debtor filed a third *Amended Schedules* (the "Third Amended Schedules"). [D.I. 50]

7. On June 27, 2024, the Debtor filed an *Expedited Motion to Convert Chapter 13 Case to Chapter 11*. [D.I. 54]

## OBJECTION TO CONVERSION

1. The Debtor seeks to convert her chapter 13 case incorrectly relying upon the statutory authority of 11 U.S.C. § 1307(a). Section 1307(a) relates to a circumstance where a debtor is endeavoring to convert a chapter 13 case to a chapter 7 case. It is inapplicable here, where the Debtor seeks to convert the chapter 13 case to subchapter V chapter 11.

2. Moreover, "[a] debtor does not have an absolute right to convert a chapter 13 case to one under chapter 11." *In re McCune*, 635 B.R. 409, 418 (Bankr. D.N.M. 2021) (*citing In re Elwell*, No. 17-51442, 2020 WL 762214, at *2 (Bankr. D. Conn. Feb. 14, 2020)). Rather, conversion of a chapter 13 case to a case under chapter 11 is within the Court's sound discretion. *Id*.

3. The threshold question, upon a request for conversion from chapter 13 to subchapter V of chapter 11, is whether Debtors are eligible for subchapter V relief. *Id.*, 418–19.

      i.    *Debtor is not eligible for subchapter V relief.*

4. Section 1307(g) prohibits the Court from entering an order converting a case from chapter 13 to subchapter V "unless the debtor may be a debtor under such chapter." Section 1189 of subchapter V provides "[o]nly the debtor may file a plan under this subchapter." Section 1182(1)(A) of subchapter V provides that "[t]he term debtor means a "small business debtor." Small business debtor is defined under 11 U.S.C. § 101(51D) as:

> a person engaged in commercial or business activities … that has aggregate noncontingent liquidated secured and unsecured debts as

> of the date of the filing of the petition or the date of the order for relief in an amount not more than $3,024,725 … not less than 50 percent of which arose from the commercial or business activities of the debtor

5. The Debtor summarizes on line 1 of the Third Amended Schedules assets worth a value of $1,378,307.00, and liabilities of $5,267,582.63. As a result of Debtor's large outstanding liabilities, Debtor does not qualify for subchapter V chapter 11 protection.

6. Given that § 1307(g) prohibits conversion in this instance and because the Debtor is not eligible to qualify for a subchapter V petition, the Court should deny the Debtor's Motion to Convert.

   ii. *Debtor filed the initial petition in bad faith and seeks to convert in bad faith.*

7. A court should consider the following factors upon a request to convert to sub-chapter V chapter 11: (a) whether the debtor filed the initial bankruptcy petition and sought to convert in good faith; (b) is the debtor able to effectuate a chapter 11 plan; and (c) whether the conversion would cause prejudicial delay to creditors." *McCune* at 419.

8. Debtors bear the burden to show that their chapter 13 case should be converted to a case under subchapter V chapter 11. *Id.* at 419.

9. The Debtor's continuous amendment of her schedules indicates the Debtor's bad faith. "[T]here is no "Oops" defense to the concealment of assets." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 370, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007). "When a debtor files [her] Schedules, [s]he does so under the equivalent of an oath." *In re Crawford*, 841 F.3d 1, 8 (1st Cir. 2016). Indeed, "[d]ebtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *In re Lopez Llanos*, 578 B.R. 700, 708 (Bankr. D.P.R. 2017) ("Considering the Debtor's significant concealment of crucial information under penalty of perjury, his history of previous bankruptcy

3

filings and dismissals, … the Court finds that the Debtor failed to comply with his ongoing duty disclose.").

10. The Debtor failed to disclose in the Petition and First Amended Schedules the following:

    a. GM Financial is a secured creditor to the Debtor with a lien on a 2021 Cadillac Escalade;

    b. Veros as a secured creditor to the Debtor with a lien on a 2019 Lamborghini Urus;

    c. Westlake Financial is a secured creditor to the Debtor with liens on a 2022 Bentley Bentayga and a 2021 Bentley Flying Spur;

11. In the Petition the Debtor claims assets worth $500,000 to $1,000,000 and liabilities of $100,000 to $500,000. The Debtor ultimately discloses in the Third Amended Disclosure the following:

    a. The Debtor is a sole proprietor of Rainbow Kids Childcare;

    b. The Debtor purports a new estimated net worth of $1,000,000 to $10,000,000 with liabilities of the same approximation;

    c. Instead of total assets and liabilities being worth $558,800 and $210,000, respectively, the Debtors assets and liabilities are now worth $1,378,307 and $5,267,582.63;

    d. Debtor's income and expenses jump from $5,833 and $2,160, respectively, to $14,000 and $2,160; and

    e. Debtor notes other cars, including a 2012 and 2014 Mercedes Benz and a 2011 Bentley Mulsanne.

12. Debtor also discloses the following additional creditors:

    a. Ally Financial as a secured creditor to the Debtor with a lien on a Bentley Mulsanne and 2014 Mercedes;

    b. Go Federal Credit Union as a secured creditor to the Debtor with a lien on a 2012 Mercedes Benz;

    c. WBL SPO II, LLC as a secured creditor to the Debtor with a claim in the amount of $3,391,874 and a lien on real property; and

    d. In the Petition, the Debtor purports to hold no unsecured amounts outstanding but in the Third Amended Schedules the Debtor notes unsecured debts in the amount of $801,078.93 arising from relationships with twenty-two unsecured creditors.

13. The Petition filed in this chapter 13 case is the fourth chapter 13 petition that the Debtor has filed since 2018:

    a. On January 25, 2018 the Debtor filed a chapter 13 petition (the "First Bankruptcy") in this Court, Case No. 18-20661. On April 2, 2018, the chapter 13 trustee filed an Objection to Confirmation of the Plan and Motion to Dismiss Chapter 13 Case. The trustee noted, amongst other things, that the "plan fail[s] to comply with 11 U.S.C. § 1325(a)(3) which requires that the plan be proposed in good faith" and that "the petition fails to comply with applicable provisions of the Bankruptcy Code … " [D.I. 24] On May 18, 2018, the Court granted the chapter 13 trustee's Motion to Dismiss Chapter 13 Case. [D.I. 32]

    b. On June 27, 2018, the Debtor filed a second chapter 13 petition (the "Second Bankruptcy") in this Court, Case No. 18-25334. On July 26, 2018, the chapter 13 trustee filed a Motion to Dismiss Chapter 13 Case for failure to provide required documents, and withdrew the Motion to Dismiss Chapter 13 Case on August 23, 2018. [D.I. 29 & 43]. On September 5, 2018, the Trustee filed another Motion to Dismiss Chapter 13 Case for sufficient grounds, and on September 12, 2018 the Trustee filed a Motion to Dismiss Chapter 13 Case for failure to provide required documents, and a Motion to Dismiss Chapter 13 Case for failure to pay. [D.I. 47, 53 & 54] On November 1, 2018, the Court granted the chapter 13 trustee's Motion to Dismiss Chapter 13 Case. [D.I. 90]

    c. On August 16, 2019, the Debtor filed a third chapter 13 petition (the "Third Bankruptcy") in this Court, Case No. 19-26507. On September 26, 2019, the chapter 13 trustee filed a Motion to Dismiss Chapter 13 Case for sufficient grounds. [D.I. 31] On November 14, 2019, the Trustee filed a Motion to Dismiss Chapter 13

5

Case for failure to appear. [D.I. 48] On January 9, 2020, the Court granted the chapter 13 trustee's Motion to Dismiss Chapter 13 Case. [D.I. 57]

14. Where the Debtor's history involves multiple bankruptcy filings, the standard for evaluating the reasonableness of the Debtor's efforts is necessarily more stringent. *In re Lopez Llanos*, 578 B.R. 700, 710 (Bankr. D.P.R. 2017).

15. As a result of the Debtor's bad faith disclosures and repeated bankruptcy filings, the Court should deny the Debtor's Motion to Convert.

## REQUEST FOR CONVERSION TO CHAPTER 7 OR DISMISSAL

16. The unreasonable delay by the Debtor caused as a result of the Debtor's faulty and insufficient disclosures is grounds, in and of itself, for this case being converted to chapter 7 or being dismissed. 11 U.S.C. § 1307(c) ("on request of a party in interest …the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter … for cause, including—(1) unreasonable delay be the debtor that is prejudicial to creditors").

17. As a result of the Debtor's bad faith lack of disclosure, coupled with her repeated bankruptcy filings (all dismissed pursuant to motions by chapter 13 trustees), the Court should deny the Debtor's Motion to Convert, and find that that there is sufficient grounds for converting the case to chapter 7 or dismissing the case.

WHEREFORE, Veros respectfully requests that the Court deny the Motion to Convert to subchapter V chapter 11, and instead, convert the case to a chapter 7 liquidation proceeding or dismiss the case.

Dated: July 11, 2024   WOMBLE BOND DICKINSON (US) LLP

/s/ *W. Travis Vest*
W. Travis Vest (#38842)
1222 Demonbreun Street
Nashville, TN 37203
P: 202-857-4549
F: 202-261-0045
travis.vest@wbd-us.com

*Counsel for Veros Credit, LLC*

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court electronically and will be served via electronic mail, U.S. Mail, and/or the CM/ECF system to all parties who have entered an appearance in that case, including the following:

| | | |
|---|---|---|
| Dwan Akoi Riley<br>9480 Plantation Lake Road<br>Collierville, TN 38017 | Jerome C. Payne<br>Payne Law Firm<br>3525 Ridge Meadow Parkway<br>Meadow Parkway<br>Memphis, TN, TN 38115<br>Phone: 9017940884<br>Email: Jerpaynelaw@gmail.com | Sylvia F. Brown<br>200 Jefferson Ave Suite #1113<br>Memphis, TN 38103<br>Phone: 9015761313<br>Trustee<br>ecf@ch13sfb.com |
| Ally Financial Department<br>AIS Portfolio Services, LLC<br>Account: XXXXXXXX9111<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118 | Wilmington Savings Fund Society, FSB,<br>Joshua I. Goldman<br>Padgett Law Group 6267 Old Water Oak Road, Suite 203 Tallahassee, FL 32312<br>Josh.goldman@padgettlawgroup.com | Robert Fehse<br>AmeriCredit Financial Services, Inc. dba GM Financial PO Box 183853<br>Arlington, TX 76096<br>rfehse@evanspetree.com<br>stanceyd@evanspetree.com |
| Atlas Acquisitions LLC<br>492C Cedar Lane, Ste 442<br>Teaneck, NJ 07666 Attn: Avi Schild Telephone: (888) 762-9889 Facsimile: (201) 546-9377<br>E-mail: bk@atlasacq.com | Elijah Noel, Jr.<br>City of Memphis<br>125 N. Main Room 354 Memphis, TN 38103<br>en@harrisshelton.com | Victoria Ferraro<br>Mercedes Benz<br>P.O. Box 685<br>Roanoke, TX 76262<br>ecfwest@pqflegal.com |

7

| | |
|---|---|
| Shelby County Trustee<br>P.O. Box 2751 Memphis, TN 38101 | Victoria Ferraro<br>World Business Lenders<br>101 Hudson Street, 33rd Floor Jersey City, NJ 07302<br>ecfwest@pqflegal.com |

On July 11, 2024.

_/s/ W. Travis Vest_____