**Dated: July 19, 2024**
**The following is ORDERED:**



**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**(MEMPHIS)**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| | ) | **CASE NO. 24-21515** |
| **DWAN AKOI RILEY,** | ) | |
| | ) | **CHAPTER 13** |
| **DEBTOR** | ) | |
| | ) | **JUDGE JENNIE D. LATTA** |
| | ) | |

**CONSENT ORDER ON VEROS CREDIT LLC'S**
**MOTION FOR RELIEF FROM STAY PURSUANT TO §362(d)(1)&(2)**

This matter comes before the Court on the Motion for Relief from Stay Pursuant to §362(d)(1)&(2) (the "Motion") filed by Veros Credit, LLC ("Movant") in the above-captioned bankruptcy case. The Movant is a creditor of Debtor Dwan Akoi Riley (the "Debtor"). Counsel for Movant and Debtor have announced to the Court that in a July 9, 2024 email exchange, they agreed to the following terms to resolve the Motion and have requested that the terms be made the Order of this Court.

**Accordingly, it is ORDERED THAT:**

1.     Debtor stipulates and agrees that the amount owed by Debtor to Movant under the Retail Installment Sale Contract attached to the Motion as Exhibit "A" (the "RISC") regarding the Lamborghini Urus VIN: ZPBUA1ZL8KLA05135 (the "Vehicle") as of July 10, 2024 is $188,916.30 (the "Amount Owed"), which consists of $179,227.79 of principal, $9,041.77 of accrued interest and $646.74 in late fees.   Movant and Debtor retain the right to seek an adjudication at a later point in this case whether the amount owed is fully secured or not.

2.     Debtor agrees to pay the total arrearage owed to Movant under the RISC, in the amount of $13,582.11 no later than July 15, 2024 (the "Arrearage Payment").   The Arrearage Payment includes $4,311.79 for the following overdue payments: April 23, 2024, May 23, 2024, and June 23, 2024 plus $646.74 in late fees.

3.     Debtor agrees that the Arrearage Payment will be made independent of whether the Debtor's bankruptcy case is dismissed prior to or after July 15, 2024.

4.     Debtor also agrees to make monthly adequate protection payments in the amount of $1,078.00 to Movant starting July 15, 2024 and continuing on the 15th of each month through the earlier of: (i) the closure or conversion of the bankruptcy case; or (ii) the confirmation of a chapter 13 plan (the "Monthly Payments").   If the bankruptcy case is converted, Movant shall be entitled to move for relief from stay with regard to the Vehicle on any appropriate grounds.

5.     The Arrearage Payment shall be applied to reduce the Amount Owed, as permitted by the RISC.   The Monthly Payments are adequate protection payments and shall be applied to reduce the Amount Owed.

6.     Movant does not relinquish any rights it may have under the RISC or with regard to the Vehicle at issue except as is specifically set forth in this Order.

7.      The Arrearage Payment and Monthly Payments shall be made via wire or cashier's check. Payment instructions have been provided to Debtor's counsel.  If any payment is made by cashier's check, said payment must be received by Movant on or before the due date for said payment.

8.      Debtor's failure to make any payment contemplated herein, including but not limited to any Monthly Payment, shall constitute a Default under this Consent Order.

9.      In the event of a Default, Movant shall notify the Debtor of the default via electronic mail to her counsel of record: Jerome Payne, jerpaynelaw@gmail.com.

10.     Debtor shall have a right to cure the Default within seven days of receipt of written notice pursuant to paragraph 9. Debtor is only permitted to cure two separate Defaults.  After two instances of Default and cure, Debtor does not have a right to cure a third Default. No hearing or other proceeding before a Court or tribunal shall be necessary or required for Debtor to be in Default under such circumstances.

11.     If Debtor fails to cure any Default within seven days of receipt of notice of default, or if Debtor defaults a third time after two prior instances of Default and cure, Movant shall notify the Court of the Default by filing a notice with the Court.

12.     Upon receipt of email notice to the Court from counsel for Movant that Debtor has defaulted and failed to comply with the terms of this Consent Order, with Debtor's counsel copied on the email, the Motion shall be GRANTED and the automatic stay shall be lifted with regard to the Lamborghini Urus VIN: ZPBUA1ZL8KLA05135 with no further action, pleading, or order necessary or required.

13.     Movant and Debtor are excused from the hearing on the Motion scheduled for July 11, 2024.

**CONSENTED TO:**

*/s/ W. Travis Vest*
W. Travis Vest (#38842)
1222 Demonbreun Street
Nashville, TN 37203
P: 202-857-4549
F: 202-261-0045
travis.vest@wbd-us.com

*Counsel for Veros Credit, LLC*

*/s/ Jerome C. Payne (by WTV w/ permission)*
Jerome C. Payne
*Counsel for the Debtor*

*/s/ Sylvia F. Brown*
Sylvia F. Brown
U.S. Trustee